# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION,<br><br>                              Plaintiff,<br>   vs.<br>MICHAEL S. GALLEGOS,<br><br>                              Defendant. | CASE NO. 15cv1678-LAB (DHB)<br><br>**ORDER DENYING TEXTRON'S MOTION TO CHARGE GALLEGOS' MEMBERSHIP INTEREST** |

Textron obtained a $21,921,165.45 judgment against Gallegos in the U.S. District Court for the District of Rhode Island, but has only collected $10,484.99. (Docket nos. 40-1 and 40-6.) Its assignee, SPE LO Holdings, seeks a charging order against Gallegos' interest in two entities: Pacific Pearl Hotels, LLC and Pacific Pearl Hotel Management, LLC. (Docket no. 40.) SPE LO relies on California Secretary of State documents to establish Gallegos' interest in the LLCs. (Docket nos. 40-2, 40-3, and 40-4.) Gallegos' name is listed on line 9 of the Secretary of State documents, which require the "name . . . of any manager . . . , or if none have been appointed or elected, . . . the name . . . of each member." (Docket nos. 40-2 and 40-3.) His name is also listed on line 15, where he's identified as the "manager" of both LLCs. SPE LO served the motion by mail on Gallegos and the LLCs. (Docket nos. 40-9 and 41.)

Gallegos opposes the motion, arguing: (1) the Secretary of State records aren't admissible; (2) Textron failed to serve the LLCs; and (3) Textron hasn't shown that he is a

member of the LLCs.  (Docket no. 47.)  He doesn't contend that the Secretary of State records are inaccurate. Nor does he deny that he's a member of the LLCs.  He just argues that SPE LO hasn't proved it.

**Admissibility of Secretary of State Records**

The Secretary of State filings are matters of public record whose accuracy cannot be reasonably disputed. *Potocki v. Wells Fargo Bank, NA*, 2014 WL 2949286, at *1 n.1 (E.D. Cal. June 30, 2014).  The Court takes judicial notice of them.

**Sufficiency of Service**

When there's a money judgment against an LLC member personally, but not against the LLC, the member's interest may be reached by a charging order.  Cal. Code of Civ. P. § 708.310.  A charging order is a lien on the member's distributional interest.  51 Am. Jur. 2d Limited Liability Companies § 23.  It only allows the judgment creditor to receive distributions to which the member would otherwise be entitled; it doesn't entitle the creditor to participate in the LLC's management or exercise the rights of a member. Cal. Corp. Code §§ 17701.02(aa), 17705.02, and 17705.03.  It thereby "protect[s] other members of an LLC from being forced to involuntarily share governance responsibilities with someone they did not choose, or from being forced to accept a creditor of another member as a co-manager." *In re First Prot., Inc.*, 440 B.R. 821, 829–30 (B.A.P. 9th Cir. 2010).

Because the other LLC members are protected, a judgment creditor can obtain a charging order under § 17705.03(a) without serving the LLC or making it a party. *See Bank of Am., NA v. Freed*, 983 N.E.2d 509, 522 (Dec. 28, 2012) ("[C]harging orders on distributional interests do not affect the rights or interests of the LLC to the degree necessary to require that it be made a party. . . .  It would be impractical and unnecessarily costly to require a lender seeking charging orders to serve all of the entities in which a borrower has an interest."). But, to obtain a lien on a judgment debtor's interest in an LLC before the court issues a charging order, the judgment creditor must serve a notice of motion for charging order on (1) the debtor and (2) the LLC or all of its members.  Cal. Code of Civ. P. § 708.320(a).  Service by mail is sufficient to satisfy § 708.320(a); personal service isn't

1  required. *See, e,g., Choice Hotels Int'l, Inc. v. Penta Denver LLC*, No. 3:13-mc-80249, 2014
2  WL 458069, at *4 (N.D. Cal. Jan. 27, 2014); *see also id.* at Docket no. 8. Textron adequately
3  served Gallegos and the LLCs.

**Gallegos' Interest in the Pacific Pearl Entities**

Entry of a charging order requires "substantial evidence" that the debtor is a partner or member of the entity. *See Ribero v. Callaway*, 87 Cal. App. 2d 135, 139 (1948); *Cf. Regions Bank v. Alverne Associates, LLC*, 456 S.W.3d 52, 58 (Mo. Ct. App. 2014). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Braewood Convalescent Hosp. v. Workers' Comp. Appeals Bd.*, 34 Cal. 3d 159, 164 (1983). It has been found where the debtor's interest was evidenced by a certificate of limited copartnership, *Ribero v. Callaway*, 87 Cal. App. 2d at 137, and by previous declarations of the debtor and his partner, *Safeco Ins. Co. of Am. v. Raisch Co.*, 2013 U.S. Dist. LEXIS 39658, *2 (N.D. Cal March 20, 2013).

Here, the Secretary of State documents establish that Gallegos is a manager of the LLCs. But, an LLC can be managed by a non-member. Cal. Corp. Code §§ 17701.02 and 17704.07. While Gallegos' name is listed on line 9 of the Secretary of State documents, where the LLCs could have listed a member if no manager had been appointed, line 15 establishes that a manager was appointed. Thus, the Secretary of State documents don't prove Gallegos' membership interest in the LLCs, and SPE LO offers no other evidence that Gallegos is a member. While they argue that he is a member in their motion, "statements made in briefs are not evidence"—let alone substantial evidence. *In re Heritage Bond Litig.*, 2004 WL 1970058, at *4 (C.D. Cal. July 23, 2004).

**Conclusion**

SPE LO's motion for a charging order is **DENIED WITHOUT PREJUDICE**. It may bring the motion again once it has substantial evidence of Gallegos' membership interest in

/ / /

/ / /

/ / /

the LLCs.  To avoid the possibility that Gallegos has avoided entry of a charging order by playing coy, the Court authorizes SPE LO to pursue postjudgment discovery to determine whether Gallegos is, in fact, a member of the LLCs.

**IT IS SO ORDERED**.

DATED:  October 7, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge