# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORP., <br><br> Plaintiff, <br> vs. <br> MICHAEL S. GALLEGOS, <br><br> Defendant. | CASE NO. 15cv1678-LAB (DHB) <br><br> **ORDER GRANTING RESTRAINING ORDER** |

The Court ordered Michael Gallegos to respond to SPE LO's request for a restraining order by December 7, 2016. (Dkt. 167.) He didn't.

The Court construes his failure to oppose "as consent to granting the motion." Standing Order ¶ 4; Local Rule 7.1; *see Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1101 (N.D. Cal. 2012) (cautioning that "failure to file an opposition" will be interpreted as consent to granting injunction); *see United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979).

The Court also finds SPE LO demonstrated good cause and made a showing of need for the restraining order. Unless a federal law says otherwise, the judgment collection process "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). California law provides that when, as here, a creditor moves for assignment, he or she may also "apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment" by making a "showing of need for the order." Cal.Code Civ. P. § 708.520. Courts have found that this standard is easily met.

For example, issuing a Section 708 restraining order is appropriate where the debtor hasn't made voluntary payments, or, has attempted to avoid payments. *See, e.g.*, *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 2014 WL 10384606, at *6 (C.D. Cal. May 1, 2014); *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, 2009 WL 2213678, at *3 (C.D. Cal. July 9, 2009).

Here, SPE LO offered troubling evidence that Gallegos may use his business entities to hide money to avoid complying with the court-ordered judgment against him. For example, Gallegos claimed no income on his tax returns, maintains personal bank accounts with monthly averages around $1,000, and told SPE LO his only source of money in the past year was from Richard Becka and John Gallegos. (Dkt.93-1 at 6.) Yet, Gallegos owns a $7 million home in La Jolla, finances a Tesla, and pays thousands for school tuition. SPE LO's evidence suggests Gallegos finances his lifestyle through business checking accounts that show massive sums of money moving around—e.g., deposits for $200,000 and $400,000 from Union City Hotel. (Dkt. 93-3 at 120, 143). SPE LO owns the rights to a $21 million judgment against Gallegos, but hasn't obtained more than $10,000 in five years. *See Legal Additions LLC v. Kowalksi*, 2011 WL 3156724, at *3 (N.D. Cal. July 26, 2011) (granting restraining order where debtors avoided judgment for a year). SPE LO has met the low threshold for a Section 708 restraining order.

The Court restrains Gallegos from assigning, or otherwise disposing of, his rights to payment from the 122 entities SPE LO identified (Dkt. 93-1 at 10–15), and from taking any action that might prevent SPE LO's collection efforts until the Court decides the motion for assignment. The Court warns Gallegos that if he fails to comply with this order, the Court won't hesitate to hold him in contempt of court. Cal. Civ. Proc. Code § 708.520(d).

**IT IS SO ORDERED**.

DATED: DECEMBER 12, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge