# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORP., <br> Plaintiff, <br> vs. <br> MICHAEL S. GALLEGOS, <br> Defendant. | CASE NO. 15cv1678-LAB (AGS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART EX PARTE MOTION** |

The Court issued an Assignment Order in August that said: "Gallegos shall not cause or encourage any entity listed in the attached Appendix to make a payment . . . to any intermediary so that another may ultimately make a payment . . . for Gallegos's personal expenses. [Dkt. 216.] One of those 400 entities is Charleston Hotel Management Corporation. And Spe Lo has presented evidence that Charleston deposited $200,000 into a bank account controlled by Patricia Tenorio. Tenorio used that money to pay Gallegos's personal expenses. Then she filed a declaration in this court stating none of the money came from a Gallegos-controlled entity. Charleston is owned by Gallegos.

Spe Lo has now filed an ex parte motion asking the Court to issue emergency relief to help it collect on a $22 million judgment from Michael Gallegos. Spe Lo argues that given Gallegos's violation of the Assignment Order – and long history of evading payment – the Court should appoint a temporary receiver, order Gallegos to turnover stock certificates to a U.S. Marshal, and enjoin Tenorio from moving money out of the relevant accounts— without providing Gallegos, Tenorio, or any of the entities an opportunity to be heard.

Courts may issue temporary restraining orders without notice when the applicant shows "immediate and irreparable injury" will result and sufficiently explains why notice shouldn't be required. Fed. R. Civ. P. 65(b). Ex parte orders without notice are only proper in "a very narrow band of cases" where "notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Spe Lo's allegations are serious and, if true, Gallegos faces serious consequences for his noncompliance with previous court orders. But the Court doesn't agree that Gallegos's latest maneuver to avoid collection has created an emergency that necessitates the Court entering the many injunctive remedies requested without notice. For example, "appointing a receiver is an extraordinary equitable remedy, which should be applied with caution." *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). While appointing a receiver may ultimately be necessary, the Court finds that it's not appropriate without giving Gallegos notice and an opportunity to be heard.

The hearing shall take place within five days. Since Judge Schopler has great familiarity with the facts, and has handled several hearings in the case already, counsel and Michael Gallegos shall appear before Judge Schopler in Courtroom 5C, 221 West Broadway, San Diego CA, on October 24 at 2:00 pm, and shall be prepared to respond to the following issues:

1. Why the Court shouldn't hold Gallegos in contempt for violating the Assignment Order.
2. Why the Court shouldn't order appointment of a receiver.
3. Why the Court shouldn't order Gallegos to turnover stock certificates for American Property Management Corporation, Charleston Hotel Management Corporation, Santa Fe Picacho Hotel Management Corporation, and Union City Hotel Management Corporation.
4. Why the Court shouldn't restrain Patricia Tenorio from moving any funds that originated from Gallegos from the Southwest Bank Accounts ending in x0150 or x2562.

/ / /

Although the Court declines to grant the full temporary injunctive relief sought by Spe Lo, the Court finds that some ex parte relief against Gallegos is in order to prevent immediate and irreparable damage before Tuesday's hearing. Fed. R. Civ. P. 65. Relying on the ex parte materials submitted by Spe Lo, the Court finds by a clear preponderance of evidence that Gallegos has likely violated the Assignment Order, has possibly suborned perjury, and has engaged in a pattern of behavior that suggests he may try to move assets before the hearing on Tuesday. Spe Lo's allegations, and the evidence offered in support, suggest that efforts to restrain Gallegos are likely to succeed on the merits, that the equities tip in Spe Lo's favor, and that restraining Gallegos is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Ex parte relief is also appropriate since the order is "narrow in scope and brief in its duration" *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979) (ordering ex parte restraining order); Fed. R. Civ. P. 65(d). The Court therefore restrains Gallegos and any person acting on his behalf from taking the following actions pending the Tuesday hearing:

1. Gallegos is restrained from moving any funds in or out of the Southwest Capital Bank Accounts identified in Spe Lo's motion (x0150 and x2562);
2. Gallegos is restrained from moving any of his stock in American Property Management Corporation, Charleston Hotel Management Corporation, Santa Fe Picacho Hotel Management Corporation, and Union City Hotel Management Corporation; and
3. Gallegos is restrained from moving any funds from any accounts owned in whole or part by the entities in the appendix to the Assignment Order. That includes Manzano Hotel Investment LLC and Tunica Hotel Investment LLC.

Since this order obviates the need to seal the ex parte motion, the motion to seal is denied as moot. Judge Schopler may recommend that any portion of this order should be retained or modified after hearing from the parties and their counsel at the Tuesday hearing.

**IT IS SO ORDERED**.

Dated: October 19, 2017

**HONORABLE LARRY ALAN BURNS**
United States District Judge