# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTRON FINANCIAL CORP., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL S. GALLEGOS, <br><br> Defendant. | CASE NO. 15cv1678-LAB (AGS) <br><br> **ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION** |

Spe Lo filed an ex parte motion asking the Court to issue emergency relief to help it collect on a $22 million judgment against Michael Gallegos. Spe Lo argues that Gallegos violated the Assignment Order [Dkt. 236], and has evaded payment for several years, so the Court should appoint a temporary receiver, order Gallegos to turn over stock certificates, and enjoin Patricia Tenorio from sending him money. The Court partially denied the request for ex parte injunctive relief, but referred the matter to Judge Schopler to hold a hearing to provide Gallegos an opportunity to respond.

The day of the hearing, Tenorio filed an affidavit in which she explained that she had loaned Gallegos her own money. The affidavit changed the picture. Judge Schopler asked how, if what Gallegos and Tenorio claimed was true, the Assignment Order could ban her from doing what she wanted with her own money. Spe Lo's counsel replied: "I guess I don't have a response." "[W]hether she's lying about the loan . . . we don't have the evidence today." [Dkt. 263 at 30.] The transactions still seemed suspicious though, and appeared to

violate the spirit, if not the letter, of the Assignment Order. So Judge Schopler ordered Tenorio to provide live testimony, which she subsequently did.

The Court has reviewed the transcript of Tenorio's testimony. In short, her story checks out. The money she sent to Gallegos was her money. Gallegos took the stand and exercised his Fifth Amendment right not to answer most questions put to him. Judge Schopler issued an oral Report and Recommendation. His main finding was that Spe Lo offered insufficient evidence that Gallegos violated the Assignment Order so he shouldn't be held in contempt. Since Spe Lo's ex parte motion was prompted by its belief that Gallegos violated the Assignment Order by receiving payments from Tenorio, the Court found that Spe Lo's other requests should be denied as well.

Spe Lo objected to Judge Schopler's latter recommendation, arguing that ordering Gallegos to turn over stock certificates wasn't dependent on whether he violated the Assignment Order. Spe Lo also maintained that a receiver was still warranted based on Gallegos's history of evading payment and funding his personal expenses through accounts associated with business entities. The Court reviews Judge Schopler's recommendations de novo. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**Analysis**

**A.   Ex Parte Motion**

Since Tenorio voluntarily sent Gallegos her own money, the Court agrees with Judge Schopler that he hasn't violated the Assignment Order. The Court defers to Judge Schopler's finding on this issue since he had an opportunity to evaluate and assess Tenorio's credibility during her live testimony. But the Court also agrees with Spe Lo that the ex parte motion wasn't based exclusively on Tenorio's payments to Gallegos; it was also based on Gallegos's history of conduct in this case. Gallegos has repeatedly rendered this Court's orders useless by moving his money to new, or unknown, business entities that he uses as a checking account to pay his personal expenses.

Spe Lo offered credible evidence that despite Gallegos's assertion during his debtor exam last April that he wasn't using any business entities as a checking account to pay for

personal expenses, that wasn't true. In fact, he had been using a business entity, Atlanta Norcross, to pay his personal expenses from January through May. [Dkt. 246-8.] Gallegos's counsel admitted as much: "There's no dispute that Mr. Gallegos has used entities to pay his personal bills . . . . If he puts money in an account with his name on it, Textron is going to go grab it. So, you know, out of necessity he's got to keep these funds he's borrowing somewhere and so, you know, he's kept them in, for example, Atlanta Norcross." [Dkt. 208 at 13, 16.] This evidence stands independent of the allegation that Gallegos was using Tenorio to help him evade the Assignment Order and provides an alternative basis for granting part of the relief Spe Lo seeks.

After carefully reviewing the briefs and hearing transcripts, the Court adopts all of Judge Schopler's recommendations, except the Court orders Gallegos to turn over the requested stock certificates to the U.S. Marshal.

### 1. Stock Certificates

Unless a federal statute says otherwise, when a party attempts to enforce a money judgment the Court looks to California law. Fed. R. Civ. P. 69(a). In California, creditors may apply for a turn over order directing the debtor to transfer property like stock certificates. The Court may issue an order "upon a showing of need." Cal. Civ. Proc. Code §§ 695.010, 699.040. To seize a stock certificate, the creditor is "entitled to aid from a court of competent jurisdiction" when the property "cannot readily be reached by other legal process." Cal. Civ. Proc. Code § 700.130; Cal. Com. Code § 8112(e); *See Jeng-Cheng Ho v. Shih-Ming Hsieh*, 181 Cal. App. 4th 337 (2010).

Spe Lo has shown that it has a need for a turn over order in four entities: American Property Management Corporation, Union City Hotel Management Corporation, Charleston Hotel Management Corporation, and Santa Fe Picacho Hotel Management Corporation. Spe Lo offered evidence that Gallegos owns stock certificates for these companies [Dkt. 275 at 12], Spe Lo hasn't been able to obtain his stock certificates through other legal process, [Dkt. 192–194], and the record shows Gallegos is doing everything he can to prevent Spe Lo from collecting. Additionally, Gallegos didn't oppose the turn over request

and the Court construes his failure as consent to granting the motion. Standing Order § 4; Local Rule 7.1; *see United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979).

The Court orders Gallegos to surrender any and all stock certificates that are in his possession, or within his control, for American Property Management Corporation, Union City Hotel Management Corporation, Charleston Hotel Management Corporation, and Santa Fe Picacho Hotel Management Corporation, to the United States Marshal at Suite 100, 333 West Broadway, San Diego, California no later than noon on **February 2, 2018**. The Court's order restraining Gallegos from disposing of this stock, or moving any funds from any of these accounts in any way, remains in place. If Gallegos fails to comply with this Order, he is subject "to arrest and punishment for contempt of court." Cal. Civ. Proc. Code § 699.040(c).

**2. Receiver**

Courts apply state law under Rule 69(a) to appointment of receivers "when such actions are undertaken in aid of executing on a judgment." *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010). Under California law, a court may appoint a receiver when the creditor shows it's "a reasonable method to obtain the fair and orderly satisfaction of the judgment." Cal. Civ. Proc. Code § 708.620. The Court finds a limited receiver may be warranted, but Spe Lo hasn't made the case for one at this time.

Appointment of a receiver is a remedy that should be approved "sparingly and with caution, and only in an extreme case." *Morand v. Superior Court*, 38 Cal. App. 3d 347, 350 (Ct. App. 1974). As Judge Schopler found, the main reason Spe Lo brought the ex parte motion for immediate relief was based on its argument that Gallegos violated the Assignment Order by receiving funds from Tenorio. Since Gallegos was willfully violating a court order, Spe Lo felt the extreme remedy of a receiver was necessary. But the Court found Gallegos didn't violate the order since the money turned out to be Tenorio's.

Nonetheless, the Court agrees that a limited receiver could be warranted based on Gallegos's past use of business entities to avoid payment. Spe Lo cites *Crocker Nat'l Bank v. O'Donnell,* 115 Cal. App. 3d 264, 266 (Ct. App. 1981) for the proposition that appointment

of a receiver over a business entity for the limited purpose of collecting earnings from a debt-dodger is warranted. The Court agrees that *Crocker* supports that remedy.

But in *Crocker*, the facts were simpler: a dentist was using a single business entity wholly owned by him to pay his personal expenses. Here, Spe Lo asks the Court to appoint a receiver over eleven business entities. Although many of the entities appear wholly-owned by Gallegos, the ownership of some of them is unclear. For example, Spe Lo says Gallegos only owns 50% of American Property Management Corporation. [Dkt. 246 at 22.] And the evidence submitted to show his involvement with other companies, like Peachtree Corners Hotel Investment, LLC, doesn't tell the Court much. (The Peachtree exhibit lists "Corporation Service Company" of Georgia as the registered agent.) [Dkt. 246-18.]

If these entities are all wholly-owned by Gallegos, or if they are only shell companies that Gallegos set up simply to move money, the Court agrees that under *Crocker*, a receiver may make sense. But Gallegos says some of these entities are companies that have other investors and are engaged in active businesses, like running hotels. [Dkt. 264.] Spe Lo hasn't offered any analysis of whether the Court has the power to foist a receiver on a company with other owners, based outside this district, without giving them any opportunity to be heard. Moreover, Spe Lo hasn't explained why a simpler remedy—like amending the Assignment Order—won't do. The Order has been previously amended to add new entities and update language; Spe Lo hasn't made the case why it can't propose new revisions that will do the trick.

The Court won't appoint a receiver until Spe Lo has made a clear and detailed case why a receiver is the best remedy, how the appointment of a limited receivership will work, and why it's proper for the Court to exercise jurisdiction over entities that might have other owners and interests at stake.

### 3. Tenorio

Since the evidence shows Tenorio is giving her own money to Gallegos, the Court vacates the Order restraining Gallegos from receiving funds from Tenorio's accounts (x0150 and x2562).

**B.     Motion to Amend**

Spe Lo's motion to amend the Assignment Order to include Tunica Hotel Investment LLC is granted. [Dkt. 236.]

**C.     Motion to Substitute**

Gallegos's counsel, Alexander Kessler, filed an ex parte motion to withdraw from the action and substitute Gallegos as counsel. Kessler offers a history lesson on the right to self-representation, and points to the federal statute codifying that right, but he neglects to mention the qualifying clause that subjects that right to the rules of the courts. 28 U.S.C. § 1654. A surfeit of cases explain that, in this district, "an attorney of record may not withdraw as counsel except by leave of court." *Imagenetix, Inc. v. GNC Holdings, Inc.*, 2014 WL 12561126, at *1 (S.D. Cal. Sept. 2, 2014). The substitution form Kessler submitted says the same thing. And California Rules of Professional Conduct 3-700 reiterates the point.

But it's evident that the requested substitution doesn't have anything to do with Gallegos's desire to exercise his right to self-representation—Kessler wants to withdraw because Gallegos owes him and other counsel $20,000 and has advised them that he can't pay. [Dkt. 295.] No rule or case requires Kessler to work for free. The Court grants Kessler's motion to withdraw and substitutes Gallegos to represent himself. *See McNally v. Commonwealth Fin. Sys., Inc.*, 2013 WL 685364 (S.D. Cal. Feb. 25, 2013).

**Disposition**

The Court adopts Judge Schopler's Report and Recommendation, but modifies it to order Gallegos to turnover his stock certificates in the four companies listed above. Gallegos is restrained from moving or transferring any stock or funds with those four companies. The Court lifts the orders restraining him from moving any funds from Tenorio's accounts. That said, the Court reminds Gallegos that the Assignment Order is still in full effect, and he will be subject to contempt for violating it.

**IT IS SO ORDERED**.

Dated: January 25, 2018

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge